STATE EMPLOYEES — "DEPENDENTS" — UNMARRIED CHILDREN NOT IN CUSTODY OF EMPLOYEE INCLUDED The definition of "dependent" in 74 O.S. 1303 [74-1303](g) (1971) of the State Employees Group Health and Life Insurance Act does not exclude a state employee's unmarried natural or adopted children, where the employee does not have legal custody of said children, but for which he is legally responsible for support. The Attorney General is in receipt of your letter, wherein you request an Attorney General's opinion to answer the following question: "Does the definition of 'dependent' in 74 O.S. 1303 [74-1303](g) (1971) exclude a state employee's unmarried children where the employee does not have legal custody of said children but is legally required to provide for their support?" Your question involves an interpretation of a section of the State Employees Group Health and Life Insurance Act. You further cite that some state employees are divorced from their spouses and do not have custody of their children. The statute to which you refer, 74 O.S. 1303 [74-1303](g) (1971), states as follows: "(g) 'Dependent' means an employee's spouse and any unmarried child (1) under the age of nineteen years including (a) an adopted child and (b) a stepchild or child who lives with the employee in a regular parent-child relationship, or (2) under the age of twenty-three and who is dependent upon the employee for support who is enrolled as a full-time student and (3) regardless of age who is incapable of self-support because of mental or physical incapacity that existed prior to his reaching the age of nineteen years." A careful reading of the statute clearly reveals that any unmarried child under the age of nineteen is included within the definition of dependent, regardless of whether said child resides with the employee. The only reference to residence is contained at subsection 1(b), which specifically includes a stepchild or child who lives with the employee in a regular parent-child relationship. A natural child under the age of nineteen is not excluded by the language of subsection 1(b) and is, therefore, included within the definition of the term. The statute specifically does not require legal custody prior to a child being considered as a dependent if otherwise eligible; however, a contrary result would mean that the legislative intent was that a stepchild or any child which the employee allowed to live with him, though not legally responsible therefor, would be a covered dependent, while an employee's natural-born or adopted children for which he is legally responsible would be excluded if they did not live in the same household. Such a result cannot be implied from the language defining "dependent." It is, therefore, the opinion of the Attorney General that your question be answered as follows: The definition of "dependent" in 74 O.S. 1303 [74-1303](g) (1971) of the State Employees Group Health and Life Insurance Act does not exclude a state employee's unmarried natural or adopted children, where the employee does not have legal custody of said children, but for which he is legally responsible for support. (JAMES H. GRAY) (ksg)